# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

REGINALD A. HARRIS,

    Plaintiff,

v.                                                Case No: 8:20-cv-1435-CEH-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## ORDER

This matter is before the Court upon periodic review. Because Plaintiff has failed to timely file a memorandum of law in opposition to the Commissioner's decision, despite twice being ordered to do so, this action is due to be dismissed, without prejudice.

## DISCUSSION

A district court may dismiss a plaintiff's claims pursuant to Rule 41(b) or the court's inherent authority to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss this action or any claim against it." Fed. R. Civ. P. 41(b). The Eleventh Circuit has recognized that a district court may dismiss an action *sua sponte* for the plaintiff's failure to prosecute his case or obey a court order under Rule 41(b). *Betty K Agencies, Ltd.*, 432 F.3d at 1337.

Plaintiff, Reginald A. Harris, proceeding *pro se*, initiated this appeal in June 2020 by filing a Complaint for Review of a Social Security Disability or Supplemental Security Income Decision. Doc. 1. On February 10, 2021, the Magistrate Judge entered a Scheduling Order directing Plaintiff to submit a memorandum of law in support of the allegations in his Complaint within sixty (60) days, thereby making Plaintiff's memorandum of law due by Monday April 12, 2021. Doc. 15. Plaintiff did not comply with the February 10, 2021 Scheduling Order. In a September 17, 2021, order the Magistrate Judge noted that Plaintiff had not yet filed a memorandum of law in support of his claims. Doc. 17. The Magistrate Judge directed the Plaintiff to file his memorandum of law in opposition to the Commissioner's decision no later than October 1, 2021.[1] *Id.* The Magistrate Judge cautioned that Plaintiff's failure to timely file within the time provided "may result in the dismissal of this case without further notice." *Id.*

Despite being twice ordered to do so, Plaintiff has not filed his memorandum of law nor sought an extension of time in which to do so.

Accordingly, it is hereby

**ORDERED**:

1. This action is **DISMISSED, without prejudice**.

---

[1] The Court observes that there is a docket entry made on September 28, 2021, indicating that the order on September 17, 2021 sent to Plaintiff has been returned and marked as "Unable to Forward/Vacant" and "No change of address filed." It is Plaintiff's obligation to keep his contact information up to date with the Clerk's office. To prosecute an action in federal court, a *pro se* plaintiff must provide and maintain an address where he will receive notices and orders from the Court. *See* Fed. R. Civ. P. 11(a) (every paper must state the filer's address).

2.  The Clerk of Court is directed to terminate all motions and deadlines and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on October 20, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Reginald Harris, *pro se*
Counsel of Record